Rohe v. Wells Fargo It doesn't matter which side she stands on, I don't care. We'll just call the name and whoever comes first is the appellant. So have a seat, Mr. Morandi. Ms. Rohe. May it please the Court. My name is Susan Rohe. I am the appellant appearing on my own behalf pro se. I'd like to thank the Court for the opportunity to be able to present my argument today. The standard review for this case would be de novo on conclusions of law, clearly erroneous on the facts, and abuse of discretion in application of the claim-splitting doctrine. This is the second case before this Court involving myself and Wells Fargo Bank. The first case, Rohe v. Wells Fargo, was decided on February 18, 2021. It established some of the key points at issue here, as well as the litigation history between the two parties. In the prior appeal, due to a lack of jurisdiction under the All Writs Act, the Court declined to address Wells Fargo and its counsel's alleged federal law violations of 11- So that case was dismissed, right? That's correct. Lack of jurisdiction. Lack of jurisdiction. Right. And what the District Court did was apply the claim-splitting doctrine to say that even though the case that you're here with now, which was filed first, right, was barred because of the resolution of that second case that you were here before us, at least, earlier, but was dismissed for lack of jurisdiction, right? Well, let me explain. First of all- I just want to make sure we understand. First case that was filed was the bankruptcy court appeal. That was filed on August 23, 2019, and the petition was filed three days later on August 26, 2019. There were three different appeals. Let me tell you something, Ms. Roe. I think in terms of the claim-splitting doctrine, what was done here is odd and doesn't seem to me to be right, okay? This is a friendly point for you, okay? Thank you. Okay? Thank you. I was going to get into addressing- Here's why. Because that's the second filed case is one where there wasn't even jurisdiction. It seems odd to me that you would apply the claim-splitting doctrine to then throw you out on the earlier litigation, right? That's right. That's right. If any claim-splitting happened, it happened when you filed the second case, it seems to me, right? That's correct. That's correct. Judge King could have dismissed the petition for claim-splitting, but he didn't. He dismissed it due to Rooker-Feldman doctrine. Here's the thing. It seems to me, though, you've got other problems here, okay? The foreclosure issue and everything surrounding that property and the mortgage, it seems, has been litigated finally and fully in the state courts, and you lost. And everything with respect to that judgment is now res judicata, that means everything that you argued or could have argued in that litigation about that is over, and we can't second guess it. The federal law violations occurred after the 2018 foreclosure judgment. In other words, most of the things that I want to talk about here today, the violations of the automatic stay and the violations of the removal of the case, whether the removal was appropriate or not, these occurred after the 2018 final judgment. It appears to me that . . . all right, let's talk about removal first, okay? There's a statute that says that if the claim or cause of action is pending in the state courts, it can be removed, right? What is it? Fourteen . . . is it 1462 or . . . 28 U.S.C. 1446 and 28 U.S.C. 1452 are the . . . Fifty-two. Okay, yeah. That's the one I'm concerned about, 52. But here's the problem. When you get a judgment and the judgment is then appealed, you no longer have a claim or cause of action that is pending. The claim or cause of action has been adjudicated. What you now have is an appeal of a judgment that adjudicated the claim or cause of action. It appears to me that that statute does not contemplate the removal of an appeal. It may not contemplate the removal of an appeal, but that is beside the point. And I know opposing counsel has argued that it was an improper removal. That does not matter because . . . That's what the bankruptcy court ruled, too, right? Yes. That does not matter, though, because under the plain language of the statutes and under the case law precedent, the removal occurred and takes effect as long as there's not a procedural issue, which Wells Fargo has never argued that there was a procedural issue with the filing of the notice of removal. How can that . . . As long as there wasn't a procedural issue, the removal takes effect, divests the state court of jurisdiction until and unless it is remanded. And that is clear in the case on Masada v. Honda Motor Company, Roe v. Wells Fargo Bank, the statutes themselves, 28 U.S.C. 1452 and 1446. So you're not arguing that the statute allows the removal ultimately, but are you trying to say . . . I don't know. To be honest, I don't know. I'm a layman. I'm a layman. Please let me finish. Thank you. So you're not arguing that the statute allows the removal necessarily, but what you are saying is that once it is removed, right or wrong, the state case is stayed? Is that what you're trying to say right now? Yes, ma'am. Okay. Yes, Judge. Exactly. Here's the problem. Okay? If, let's say the statute does not allow the removal of an appeal, okay, of any kind, then it may be that the removal itself is a total nullity. It has no effect. And what the bankruptcy court did was, in fact, proper, because what the bankruptcy court said, this statute doesn't provide for removal of an appeal, dismissed. The bankruptcy court never went into its reasonings in any specificity. If you look at the transcript of the hearing, they did not go specifically into why they were dismissing it and not remanding it, but it should have been remanded because there were still issues pending at the trial court level regarding the trial court's scheduling of the foreclosure sale. The jurisdiction should have been returned if he felt that it was inappropriate, it should have been returned to the state . . . Well, Wells Fargo filed a motion on August the 5th of 2019 that argued that removal is Rule requires a claim or cause of action to be pending when the bankruptcy case is filed. In the instant case, the debtor has removed a cause which already proceeded to judgment. There's nothing to litigate in this proceeding and there's no decision for a trial court to render. And what the bankruptcy court did was granted this motion, this motion to dismiss that had this reasoning. Isn't that right? Well, the trial court still needed jurisdiction, though, because they still had the issue of scheduling the foreclosure sale and dealing with any motions for attorney's fees, so it did need to be returned to them if Judge Kristol . . . Well, if the statute does not contemplate removal in this context for the reasons that Well, Wells Fargo cited a bankruptcy decision from Arkansas and quoted from it. Let us set aside removal for a moment, okay, and talk about violations of the state. As I understand it, the bankruptcy court ruled that Wells Fargo had relief from the automatic stay. Eventually. Yes, it did. And the appeal that you filed in state court was decided afterward against you, right? It was . . . well, no. The timeline is a little bit more complicated than that, Your Honor. Well, was the appeal of the state court ruling . . . was the appeal by the Florida State Court decided after the bankruptcy court gave . . . entered an order saying Wells Fargo has relief from the automatic stay? Yes, but the stay was not lifted because of the 14-day rule, Rule 4001 of the Federal Rules of Bankruptcy Procedure, unless a judge specifically states in his order, upon request of the creditor, that a stay be lifted early. The stay does not take effect until 14 days from the date that the order is issued. What is the status of the home? Has it been sold? Yeah. No. It hasn't? No. No, sir. Is there anything else you'd like to tell us, Ms. Rowe? Yes. I'd like to address the issues in claim splitting. I'd like to address the issue of the authority that you had requested that we address as far as the notice . . . We'll give you a couple minutes to do so, and you'll keep your rebuttal time since we've talked a lot to you, but go ahead. Okay. Thank you, Your Honor. My issue that the court had asked us to address is did the district court, sitting as an appellate court, have the authority to dismiss a portion of the appeal under the claim splitting doctrine? I believe, based on my research, the answer was no, that the judge did not have the authority to apply the claim splitting doctrine in his role as an appellate court. I've looked at numerous cases in federal circuit courts, the United States Supreme Court. I've not been able to find a single instance where the district court, acting as an appellate court, dismissed an appeal based upon claim splitting. I've also looked at the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Appellate Procedure, the local and internal operating procedures of the district court and the bankruptcy court of the southern district, but have found no reference to claim splitting. The closest authority that I could find for Judge Scola's ruling was under Rule 83 of the Federal Rules of Civil Procedure, where a district court can make local rules, but they first have to go through a process of providing notice and public comment. I believe the primary reason why we didn't find anything in the case law, I didn't find anything in the rules addressing claim splitting at the appellate court level, was because the appellate court is limited in its review authority. The appellate court is not a fact finder, and in this instance, Judge Scola made some findings of fact. He made an erroneous finding that the first filed case was the petition for writ, and that was false. He made that there was no finding in the bankruptcy court or in Judge King's court about pertaining to the filing of the petition versus the bankruptcy court appeal. The second finding that Judge Scola made that was erroneous was that it contained . . . the second finding he made, excuse me, was that both the appeal and the petition were the same nucleus of facts. In order to do that, he would have had to compare the facts . . . Thank you. I'm sorry. That's okay. Thank you. One thing I want you to think about, though, while your adversary is up here and you'll have your five minutes of rebuttal time, is by my records, the motion to enforce the automatic stay was filed on July 2nd, 2019. The bankruptcy court order lifting the stay was July 8th, 2019. The state court appealed . . . the state appellate court affirmed on August the 21st of 2019. Okay? Thank you. Okay. Mr. Marandi. May it please the Court, Dean Marandi, on behalf of Wells Fargo, thank you, Your Honors. I'll start briefly with the question the Court had with regard to the authority of a district court sitting in its appellate capacity to apply the claim-splitting doctrine. I have to wholeheartedly agree that we are talking about an odd situation. It is particularly odd because of the procedure that the appellant went through to get here. I don't know how much, to me at least, it matters that the district court was sitting as an appellate court. It just seems to me odd that a district court, if there's parallel litigation about the same matter, would treat the dismissal of the second case where the determination was that the court lacked subject matter jurisdiction, would treat that as having the preclusive effect that bars the first case where there is at least subject matter jurisdiction based on claim-splitting. It just seems . . . I agree. I agree. That's too odd. Two points on that. Yes. The first one is, although generally I agree with you, you're going to be looking at the first filed case when you're applying the claim-splitting doctrine. I don't think that's necessary for that doctrine. I think the first filed case doctrine has different origins in terms of how the court . . . In terms of management of docket? Yes. I could see, for example, if the first one was the one where there was a lack of subject matter jurisdiction, right? The other issue is . . . The way you deal with that is you dismiss it for lack of subject matter jurisdiction and if the second one has subject matter jurisdiction, then you just go forward with it. But here we have exactly the opposite situation, don't we? Basically yes. The court determined . . . It's not only the first file that he dismissed, but it's also the one where there was jurisdiction and he's giving almost preclusive effect to the second case where there was a jurisdiction. Very odd. I agree. But I will make the point . . . It looks wrong. Well, I'm going to make these points and obviously leave it to the court because odd describes every aspect of this issue. But I just want to make the point, I agree with you when the district court dismissed the Allred's petition, it was under Rooker-Feldman and that's subject matter jurisdiction. I think when this court . . . That's not what the appellate court said. Exactly. Exactly. That was my next point. What this court did in its decision . . . Yeah. We said it was not a proper Allred's action . . . Exactly. . . . which is a grant of jurisdiction, which means that is a jurisdictional ruling too. Well, I think I understand what the court's saying. My point was, and I don't want to be splitting hairs here, the court . . . what this court said was the district court had jurisdiction to decide it, but the requirements under the I don't know if that makes a distinction without a difference. I have a practical question. Let's take us out of all this theory. Let's say that for whatever reason, we agree that claim splitting was an improper means of action here. Can we or should we decide those issues on the merits or would they need to be remanded? I think this court absolutely should decide the issue on the merits. You've briefed the issues, haven't you? Absolutely. You've briefed the other issues, even alternative arguments for affirmance, right? Exactly. That's why I didn't want to spend too much time on claim splitting because you're absolutely correct. This court is in the same vantage point in the district court in terms of reviewing what the bankruptcy court did, so there's absolutely no reason to remand exactly as this court did when it was reviewing the dismissal of the Allred's petition. There's absolutely no reason to remand. I just wanted to make those few points about claim splitting, but you are 100% correct, or at least I know that wasn't necessarily what the court is ruling, but I agree that this court can and should decide this issue on the remainder of the issues if it doesn't get past claim splitting. Let's cut to the chase and talk about what those other issues would be, right? The removal is a nullity because the statute doesn't contemplate removal of an appeal, and so the bankruptcy court was right to dismiss the purported removal, and that there was no violation of the automatic stay, and that whatever else is left to litigate here about this foreclosure, it's res judicata because we have a state court judgment about it. Is that right? That is 100% correct. Is anything else left to this appeal? That's it. No, that is it. Those three bankruptcy court orders, and those encompass all the issues that we're talking about. Why isn't the proper remedy for an improper removal remanded to the state court rather than dismissal? It would be if you properly invoked the statute, either Section 1452 and then looking at Bankruptcy Procedure 9027A2. That's the difference here, and I think that's what my opponent was not making the distinction. There's a distinction between an improper removal where you're properly employing the statute where there's a claim or cause of action in a civil action, which we don't have here, but if you utilize that statute, then you must have a remand, even if it's improper. Happens all the time. In this case, it was an appeal that was attempting to be removed. The final judgment of foreclosure had been issued in the Florida State Court. The appeal had been taken to the Third District Court, an intermediate appellate court of Florida, and at that point, there was an attempt, a notice of removal to remove that appeal. And that appeal does not fall under the language of the statute. There is no statutory authority to remove an appeal. That's the difference. It's not an improper removal. It's an ineffective removal. That means it's a nullity. Do the Florida courts think that the appeal was removed, or have the Florida courts continued to operate as if the appeal had not been removed? In this case, the Florida court continued to operate as though the appeal had not been removed. So in other words, the attempted removal was a nullity, and we're talking about the Third District Court. Right. Okay. Yes. It's not like the file from the State Court went over to the Bankruptcy Court, right? Everything remained in the Florida appellate court, and soon afterwards, it affirmed the judgment of the State Trial Court, right? That is correct, Your Honor. That is correct. So that's the issue in regard to the removal. I'll move on just a couple minutes on some of the other issues, but I want to make sure, before I move on, if the court has any further questions on that, I think we've put forth our position pretty straightforward. Something that Chief Judge Pryor, you touched on, I'll just reiterate to see if there's any further questions. Talking about the issue of issue preclusion, now recall that claim splitting didn't, the District Court only used claim splitting for a portion of the claims. The District Court used issue preclusion for the remainder of the claims, and all those It seems to me we have mutuality, right? We have Ms. Rowe and we have Wells Fargo, same parties to the foreclosure proceeding, right? Correct. Which means, and we have a judgment, right? Correct. Res judicata. We don't have to get to issue preclusion. We have claim preclusion, right? Yes. We have not only everything that was litigated, but everything that could have been litigated with respect to this foreclosure, we have a final judgment, res judicata, right? I agree completely. One point that wasn't made, I'll just throw out there, I didn't see, we made the argument in our brief that it wasn't even properly briefed by Ms. Rowe, so I think that's an additional point. Even if we get to the merits, I think Wells Fargo has the better position here. One small point at the risk of raising an issue, the court is absolutely correct in terms of the July 2019 order granting Wells Fargo relief from the automatic stay. That was done primarily for purposes of moving forward in the trial court. The Third District Court of Appeal, for 40 years, had a doctrine where it determined that the debtor who files an appeal is not subject to the automatic stay. That would be an additional reason why the proceeding . . . Yeah, they've retreated from that. Correct. That's probably wrong, and they've recognized that it's wrong, but there's no intentional violation of the automatic stay here, because the bankruptcy court, in fact, if the stay even applied, granted relief from it. Isn't that right? That is 100% correct. I think you've saved me some time, so unless the panel has any further questions . . . I'm just trying to save us all time. Thank you, Your Honors. Okay, Ms. Rowe. Okay, I'd just like to say that the notice of removal did cite to the jurisdiction as the basis for filing the notice of removal. Yeah, the 1452, right? Correct. Cited to 1452 Rule 9027 and Local Rule 90271. Also citing two different statutes in here pertaining to why the case was removed, the explanation as to why we sought to remove it. The court had asked us to address the issue of the stay relief and when that was granted. It was granted, the record will support this, it was granted on July 3rd, and what happened was that was an ex parte order that had been submitted by Wells Fargo's counsel, not Mr. Poe, but another law firm, had submitted an ex parte order to Judge Crystal granting the stay relief and my attorney did not see that in spite of Judge Crystal's instructions that they were to get together, collaborate on the order, and submit the order together and have the other side review the order. The order was submitted and we didn't even know it had been submitted, Mr. Poe was representing me until the order came out from Judge Crystal on July 8th, I believe it was, and that order lifted the stay relief. What happened was because we didn't know about the order, our counsel had not seen the order prior to it going to Judge Crystal, we submitted a motion for reconsideration and the other side agreed on the record, this was Shapiro Fisherman Law Counsel, agreed to have the order heard again at the July 30th hearing because she agreed that it was improper that they had submitted the order without running it by our counsel. So we had the July 30th hearing and the court considered the stay relief issue again at that time. I believe in accordance with In re Faiz that a motion for reconsideration would toll the stay until the motion for reconsideration had been heard. A second order was issued on August 16th and that was the order that I am arguing was the order was rendered to the court on August 19th and then with the 14 days that is required under Rule 4001, the stay would not have been formally lifted until September 2nd, which would place it after the time that the third DCA issued their PCA. Regardless of that, even if this court finds that July 3rd was the date the stay relief was issued and I know retroactive stay relief can be provided, you have said that in your opinion Albany Partners v. Westbrook, 1984, under limited circumstances that stay relief can be applied retroactively, it doesn't seem to be equitable that stay relief would be applied back to July 3rd in this instance considering opposing counsel's conduct. The language in the August 19th order shall remain in full force and effect. I don't believe, based on my research, that that grants retroactive relief. That appears to be language that is used in contracts or in judicial orders, meaning the court would be retaining jurisdiction. Even if the July 3rd date is used, Wells Fargo, the third DCA docket is clear in the record. They violated the stay from the very beginning. They filed an answer brief in June, several weeks before the July 3rd stay relief was granted. You filed the appeal. Yes. They just filed an answer brief to an appeal. Because we had no choice. As it turned out, we were right because the third DCA, we didn't file a reply brief and the third DCA just went ahead and issued a decision. If we hadn't filed an initial brief, they would have gone ahead and dismissed the appeal. It was a catch-22 situation. I would argue that the shop in the Grove, which they've receded from in national medical imaging, that that national medical imaging decision could be applied retroactively in accordance with Roger v. Lockheed. Wells Fargo should not get a pass for relying upon the third DCA because I believe they knew better. Thank you, Ms. Rowe. Thank you. We'll be in recess until tomorrow.